FILED
2006 Nov-28  AM 11:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WAYNE WATTS AND KATHY LYLES,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No.: 06-2284-RBP |
| ) | |
| **MERCK & CO., INC., ET AL.,** ) | |
| ) | |
| **Defendants** ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard upon the Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation filed by Defendant Merck & Company, Inc. ("Merck") on November 1, 2006.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs Wayne Watts and Kathy Lyles ("Plaintiffs") filed suit against the defendants[1] in the Circuit Court of Clay County, Alabama on September 21, 2006, alleging personal injuries resulting from their use of VIOXX and seeking both compensatory and punitive damages. Plaintiffs' complaint included counts for product liability; negligence and wantonness; negligence per se; unjust enrichment; breach of express and implied warranties; sundry theories of corporate responsibility; civil conspiracy; and fraud.

On October 27, 2006, Merck removed the case to this court.[2]  On November 1, 2006, Merck filed its Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel

---

[1] In addition to Merck, fifteen individuals and seven fictitious parties/entities were originally named as defendants.

[2] On the same day that the case was removed, Merck answered, and three of the individual defendants - David Sparkman, Scott Bartlett, and James Houston - filed motions to dismiss. Pursuant to this court's order, these motions came under submission on November 28, 2006.

on Multidistrict Litigation ("MDL panel").

## ARGUMENTS[3]

**I.      Merck's Motion to Stay Proceedings.**

Merck moves for the stay of this cause "pending its likely transfer to *In re VIOXX Prods. Liab. Litig.* MDL No. 1657, the Multidistrict Litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from VIOXX®." Merck argues that the instant action is a "tag-along" action to the hundreds of similar VIOXX product liability actions already before Judge Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana.[4] Merck states that it intends to inform the MDL panel of the pendency of this cause in its next correspondence, and that it anticipates the MDL panel will issue a conditional transfer order shortly thereafter.

Merck claims that the instant action raises the same factual inquiries at issue in the cases considered by the MDL panel. It cites federal district court decisions to stay proceedings in such instances,[5] and on this authority contends that the guiding inquiry should be (1) considerations of judicial economy and (2) avoidance of conflicting rulings. Merck argues that any rulings this court issues would be subject to reconsideration after this case is transferred to Judge Fallon's court, and that work would be "needlessly duplicated" if this particular case continues on a

---

[3] This section summarizes the arguments put forth by the parties and does not necessarily reflect the Conclusions of the Court.

[4] Merck has filed exhibits highlighting the MDL panel's February 2005 finding that 148 cases, as well as over 300 "tag-along" actions, are VIOXX product liability cases involving overlapping questions of fact. The MDL panel transferred these actions to Judge Fallon's court to best "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."

[5] *See New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 446 (D. N.M. 2004); *Mathern v. Wyeth*, No. Civ.A. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp.*, Civ.A. 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson ex rel. Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001).

parallel course with those already under before Judge Fallon and/or the MDL panel.  It contends that the demands of judicial economy warrant a stay to prevent this court from expending judicial resources in "supervising pre-trial proceedings and making rulings in a case over which it will likely soon lose jurisdiction and will probably never see again."  Merck further claims that if its motion is denied, then Merck will be prejudiced because it will have to duplicate its discovery and legal briefing in multiple jurisdictions.[6]  Merck argues that Plaintiffs will not be prejudiced because any delay will be minimal and because, given the early, pre-discovery stage of this litigation, Plaintiffs have yet to expend large resources.  Moreover, the prejudice to Merck outweighs any small harm to Plaintiffs, who will themselves benefit from the "increased efficiency and coordinated pretrial case management...available in a coordinated MDL proceeding."

## II.     Watts' and Lyles' Response.

Plaintiffs request that Merck's motion to stay proceedings be denied because 1) Plaintiffs intend to soon file a Motion to Remand this Cause to the Circuit Court of Clay County, Alabama, and 2) any transfer would "simply allow a lengthy additional procedure wherein the case would be sent off to a distant forum, less familiar with Alabama law, and under circumstances which would simply delay the inevitable remand of this case to the state Court from which it was removed."  Plaintiffs allege that they are likely to prevail on their motion ro remand because there is no complete diversity due to the presence of "properly joined and good faith" Alabama

---

[6] The court notes Merck's citation of *American Seafood, Inc. v. Magnolia Processing*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("the duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to defendants weight heavily in favor of a stay"), *and Arthur-Magna v. Del-Val Financial Corp.*, 1991 WL 13725, at *1 (D. N.J. Feb. 1, 1991) (a temporary stay prejudicial to plaintiffs nevertheless warranted if there are compelling considerations of judicial economy and hardship to defendants).

resident defendants.

### III.   Merck's Reply

Merck characterizes Plaintiffs' chief argument in opposition to a stay as being that they soon plan to file a motion to remand, and contends that this argument "has been rejected over and over by federal district courts presiding over Vioxx litigation." It also notes the expressly stated preferences of Judge Fallon and the MDL panel (as shown through appended exhibits and cited by other federal district courts) that motions to remand in the VIOXX product liability cases at issue be decided in Judge Fallon's court. Furthermore, of the 1,700 VIOXX-related cases already stayed, nearly 250 of them had pending motions to remand.[7]

Merck opines that the issue "is not whether Plaintiffs' Motion to Remand will be dealt with, but which forum will do so." It argues that the MDL panel is the best forum because the anticipated seminal issue in Plaintiffs' still-unfiled Motion to Remand - whether the inclusion of a non-diverse Merck employee thwarts diversity jurisdiction - is "the same question raised by scores of other cases" transferred to the MDL panel, including other Alabama cases, and is best handled in that forum so that they may be treated in a uniform manner.[8]

### CONCLUSIONS OF THE COURT

The court concludes that proceedings in this case should be **STAYED** except that the court does not stay Plaintiffs from filing a motion to remand. If a motion to remand is filed, the court

---

[7] Merck lists six cases, from the United States District Courts for the Middle and Southern Districts of Alabama, that have stayed proceedings in VIOXX product liability cases where there was a pending motion to remand.

[8] Merck cites the following cases in support of its "one forum begets consistency" argument: *In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *Bd. of Trs. Of the Teachers' Ret. Sys. Of Ill. V. WorldCom, Inc.,* 244 F. Supp. 2d 990, 905 (N.D. Ill. 2002); *Benjamin v. Bayer Corp.,* 2002 U.S. Dist. LEXIS 9157, at *5 (E.D. La. May 16, 2002); *and Weinke v. Microsoft Corp.,* 84 F. Supp. 2d 989, 989-90 (E.D. Wis. 2000).

will further consider whether a stay as to that motion should be granted.

    This the 28th day of November, 2006.

                                                        **ROBERT B. PROPST**
                         **SENIOR UNITED STATES DISTRICT JUDGE**